UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,        No. 95-CR-80272-DT-14

vs.        Hon. Gerald E. Rosen

JOSE ALBERTO REYES,

        Defendant.
_____/

ORDER DENYING DEFENDANT'S MOTION FOR
REDUCTION OF SENTENCE PURSUANT TO 18 U.S.C. § 1582

At a session of said Court, held in
the U.S. Courthouse, Detroit, Michigan
on    February 22, 2008

PRESENT: Honorable Gerald E. Rosen
                United States District Judge

This matter is presently before the Court on Defendant Jose Alberto Reyes's motion pursuant to 18 U.S.C. § 3582(c)(2) for a reduction of his sentence. This motion is based upon a post-sentencing amendment to the U.S. Sentencing Guidelines. The Government has responded to Defendant's motion. The court has reviewed and considered Defendant's motion and the Government's response. For the reasons set forth below, Defendant's motion will be denied.

DISCUSSION

Jose Alberto Reyes was sentenced on May 13, 1999 to 235 months incarceration

1

based upon his conviction, following a jury trial, for conspiracy to distribute cocaine. Pursuant to the U.S. Sentencing Guidelines, Reyes's drug trafficking offense carried a base offense level of 36 (based on the amount of cocaine involved). Reyes received no mitigating role adjustment. *See* P.S.R. ¶¶ 29-38. At a criminal history category I, with a total offense level of 36, Reyes's sentencing guideline range was 188-235 months. Reyes received a sentence at the high-end of that range. Reyes's conviction and sentence were affirmed by the Sixth Circuit and his petition for a writ of certiorari to the U.S. Supreme Court was denied.

Thereafter, Reyes moved for a reduction of his sentence pursuant to 18 U.S.C. § 3582(c)(2). This motion is based upon a November 2002 amendment to the Sentencing Guidelines that caps base offense levels for drug trafficking defendants at 30 when the defendant qualifies for a mitigating role adjustment. That amendment -- Amendment 640 -- however, was *not* made retroactive by the Sentencing Commission. *See* U.S.S.G. § 1B1.10 (2007) (listing the amendments made retroactive that may properly be part of a § 3582 motion). Therefore, Defendant Reyes's reliance upon it in his case is misplaced.

Furthermore, even if the Court were to consider the amendment here, Reyes still would not qualify for a sentence reduction because he did not receive a mitigating role adjustment as part of his sentence. *See* P.S.R. ¶ 32.[1] As such, he would not qualify for

---

[1] Additionally, the Court notes that the recent declaration of retroactivity of the crack cocaine guideline amendment would not apply to Defendant Reyes as his crime involved powder cocaine, not crack.

an application of the amendment even if it were made retroactive to his 1999 sentence.

CONCLUSION

For all of the above reasons,

IT IS HEREBY ORDERED that Defendant's Motion for Reduction of Sentence [Dkt. # 758] is DENIED.

To the extent that a certificate of appealability would be required for an appeal of this decision, the Court also denies such a certificate of appealability. In order to obtain a certificate of appealability, a prisoner must make a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). To demonstrate this denial, the applicant is required to show that reasonable jurists could debate whether the defendant's motion should have been resolved in a different manner, or that the issues presented were adequate to deserve encouragement to proceed further. *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000). The movant must show that reasonable jurists would find the district court's assessment of his claims to be debatable or wrong. *Id.* A federal district court may grant or deny a certificate of appealability at the same time the court issues its ruling on the prisoner-defendant's motion. *Castro v. United States*, 310 F.3d 900, 901 (6th Cir. 2002). Therefore, a district court has the power to deny a certificate of appealability *sua sponte*. *See Millender v. Adams*, 187 F. Supp. 2d 852, 880 (E.D. Mich. 2002).

For the reasons stated above in this Order, the Court will DENY Defendant Reyes a certificate of appealability because he has failed to make a substantial showing of the

denial of a federal constitutional right. The Court will also DENY Defendant leave to appeal *in forma pauperis* because the appeal would be frivolous. *Allen v. Stovall*, 156 F. Supp. 2d 791, 798 (E.D. Mich. 2001).

SO ORDERED.


s/Gerald E. Rosen
Gerald E. Rosen
United States District Judge

Dated: February 22, 2008

I hereby certify that a copy of the foregoing document was served upon counsel of record on February 22, 2008, by electronic and/or ordinary mail.

s/LaShawn R. Saulsberry
Case Manager